IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | | |
|---|---|---|
| KAREN CAHALL | ) | CASE NO. |
| c/o Herron Law Offices | ) | |
| 5001 Mayfield Road, Suite 212 | ) | JUDGE |
| Lyndhurst, Ohio  44124 | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEW RICHMOND EXEMPTED | ) | |
| VILLAGE SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION | ) | |
| 1135 Bethel-New Richmond Road | ) | |
| New Richmond, Ohio  45157 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TRACEY MILLER | ) | |
| Individually and in his official capacity as | ) | |
| Superintendent of defendant New Richmond | ) | |
| Exempted Village School District | ) | |
| c/o New Richmond Exempted Village | ) | |
| School District | ) | |
| 1135 Bethel-New Richmond Road | ) | |
| New Richmond, Ohio  45157 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TODD WELLS | ) | **COMPLAINT AND JURY DEMAND** |
| In his official capacity as a member of the | ) | |
| New Richmond Exempted Village School | ) | |
| District Board of Education | ) | |
| c/o New Richmond Exempted Village | ) | |
| School District | ) | |
| 1135 Bethel-New Richmond Road | ) | |
| New Richmond, Ohio  45157 | ) | |
| | ) | |
| and | ) | |

TIM DUFAU                                          )
In his official capacity as a member of the        )
New Richmond Exempted Village School               )
District Board of Education                         )
c/o New Richmond Exempted Village                   )
School District                                     )
1135 Bethel-New Richmond Road                       )
New Richmond, Ohio  45157                           )
                                                    )
     and                  )
                                                    )
ROBERT WOOTEN                                       )
In his official capacity as a member of the        )
New Richmond Exempted Village School               )
District Board of Education                         )
c/o New Richmond Exempted Village                   )
School District                                     )
1135 Bethel-New Richmond Road                       )
New Richmond, Ohio  45157                           )
                                                    )
     and                  )
                                                    )
JONATHAN ZIMMERMAN                                  )
In his official capacity as a member of the        )
New Richmond Exempted Village School               )
District Board of Education                         )
c/o New Richmond Exempted Village                   )
School District                                     )
1135 Bethel-New Richmond Road                       )
New Richmond, Ohio  45157                           )
                                                    )
     and                  )
                                                    )
AMY STORY                                           )
In her official capacity as a member of the        )
New Richmond Exempted Village School               )
District Board of Education                         )
c/o New Richmond Exempted Village                   )
School District                                     )
1135 Bethel-New Richmond Road                       )
New Richmond, Ohio  45157                           )
                                                    )
     Defendants           )

2

Now comes plaintiff Karen Cahall, by and through her counsel, and for her complaint against the defendants, avers and states as follows:

## JURISDICTION

1.      This Honorable Court has subject matter jurisdiction over plaintiff Karen Cahall's federal claims for relief pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

2.      This Honorable Court has supplemental jurisdiction over plaintiff Karen Cahall's state-law claims for relief pursuant to 28 U.S.C. § 1367 in that plaintiff Karen Cahall's state law claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy.

## VENUE

3.      This Honorable Court has venue over plaintiff Karen Cahall's claims for relief pursuant to 28 U.S.C. § 1391 in that some or all of plaintiff Karen Cahall's claims for relief arose in and within the Southern District of Ohio.

## PARTIES

4.      Plaintiff Karen Cahall, during all times relevant hereto, is a teacher who has been employed by defendant New Richmond Exempted Village School District Board of Education for over thirty years.

5.      Defendant New Richmond Exempted Village School District Board of Education (hereinafter "New Richmond" or "defendant New Richmond") is a public school district and political subdivision of the State of Ohio located in Clermont County, Ohio, that is organized and existing pursuant to R.C. 3313.01 and R.C. 3313.17, that has the capacity to sue and to be sued and is considered a "person" within the meaning of 42 U.S.C. § 1983.

6.     Defendant Tracey Miller during all times relevant hereto was and is the Superintendent of the New Richmond Exempted Village School District, appointed pursuant to R.C. 3319.01, who acted under color of state law in engaging in the acts and omissions outlined herein.

7.     Defendant Tracey Miller is sued herein in both his individual and in his official capacities.

8.     During all times relevant, defendants Todd Wells, Tim Dufau, Robert Wooten, Jonathan Zimmerman and Amy Story (collectively referred to herein as "New Richmond Board of Education members") are the duly elected and/or appointed members of the Board of Education of the New Richmond Exempted Village School District and are sued herein in their official capacities only.

## STATEMENT OF FACTS

### Introduction

9.     The allegations set forth in Paragraphs 1 through 8 are incorporated as if fully rewritten herein.

10.     This is an action brought by plaintiff Karen Cahall, an educator and long-time employee of defendant New Richmond, that challenges the constitutionality of defendant New Richmond's official policy on "Controversial Issues" (New Richmond Board Policy No. 2240)[1], both on its face and as it was applied to her by defendant New Richmond and defendant Tracey Miller in a disciplinary proceeding that resulted in a three-day unpaid suspension of plaintiff Karen Cahall for simply having in her possession in her classroom four books that had LGBTQ+

---

[1]     Exhibit 1.

4

characters in the plot line even though these particular books were intermingled among approximately one hundred other books, were not prominently displayed by plaintiff Karen Cahall in her classroom, plaintiff Karen Cahall did not teach from those books as part of her instructional program, and did not require students to read those books.

11.     Former President Lyndon B. Johnson once stated that "books and ideas are the most effective weapon against intolerance and ignorance." This lawsuit seeks to test the strength of that premise in the face of increasing intolerance and prejudice against members of the LGBTQ+ community through censorship and book bans in our public schools that is motivated and guided solely by prejudice, ignorance and unfounded fear.

12.     Plaintiff Karen Cahall maintained these books in her classroom amongst over one hundred other books spanning a wide variety of subject matters in furtherance of her sincerely held moral and religious beliefs that that all children, including children who are LGBTQ+ or the children of parents who are LGBTQ+, deserve to be respected, accepted, and loved for who they are.

13.     Plaintiff Karen Cahall acknowledges that others within the New Richmond School District community, including parents of New Richmond students, students themselves, and other employees of defendant New Richmond, may have sincerely held moral and religious beliefs that differ from hers with respect to LGBTQ+ issues.

14.     It has also been long established – for more than 50 years – that neither "students [nor] teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Tinker v. Des Moines Independent School District*, 393 U.S. 5034, 506 (1969).

15.     It is a fundamental constitutional principle that government at any level in our democracy – be it at the local, state or national level – must be neutral towards religion and diverse

religious viewpoints, that government may not be hostile towards any religion or religious viewpoint and that it may not aid, foster, or promote one religion or religious viewpoint against another.

16.     Defendant New Richmond and defendant Tracey Miller engaged in content- and viewpoint-based discrimination in disciplining plaintiff Karen Cahall in their application of New Richmond Board Policy 2240 to plaintiff Karen Cahall, in violation of these well-established principles of law.

17.     It is also clearly established that under fundamental principles of Due Process, as guaranteed by the Fourteenth Amendment to the United States Constitution, any law or governmental regulation – be it a federal or state statute, administrative regulation or local ordinance or regulation – is impermissibly and unconstitutionally vague if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits, or if it authorizes or even encourages arbitrary and discriminatory enforcement.

18.     As a governmental entity, these basic and well-established principles of Due Process of law are fully applicable to and binding upon defendant New Richmond and its officials and administrators, including but not limited to the elected and/or appointed members of its Board of Education and its Superintendent – defendant Tracey Miller.

**<u>Board Policy 2240</u>**

19.     Defendants New Richmond and the New Richmond Board of Education members have enacted a "controversial issues" policy which is designated as New Richmond Board Policy No. 2240, the interpretation and enforcement of which lies principally with defendant Tracey Miller.

20.     New Richmond Board Policy No. 2240 constitutes the custom or policy of defendant New Richmond.

21.     New Richmond Board Policy No. 2240 on its face purports to apply only to the consideration of "controversial issues" in the "instructional programs" in the New Richmond school district and expressly acknowledges that "the consideration of controversial issues has a legitimate place in the instructional program of the schools."

22.     New Richmond Board Policy No. 2240 does not on its face purport to govern what materials or items a teacher employed by defendant New Richmond, including plaintiff Karten Cahall, is permitted to have in his or her classroom when they are not used as a part of the "instructional program."

23.     New Richmond Board Policy No. 2240 vaguely and ambiguously fails to define what specifically constitutes an "instructional program," such that a reasonable person  subject to New Richmond Board Policy No. 2240 does not know what is or is not considered part of an "instructional program" that could constitute a "controversial issue" under New Richmond Board Policy No. 2240.

24.     New Richmond Board Policy No. 2240 also vaguely and ambiguously defines a "controversial issue" as "a topic on which opposing points of view have been promulgated by responsible opinion or likely to arouse both support and opposition by the community" – a definition that is so vague and all-encompassing that it could extend to virtually any topic upon which any two random individuals or groups of individuals might find something to disagree about, and therefore fails to provide people of ordinary intelligence a reasonable opportunity to understand what is or is not a "controversial issue" subject to New Richmond Board Policy No. 2240.

25.     The vague and ambiguous language of New Richmond Board Policy 2240 further authorizes and encourages arbitrary and discriminatory enforcement by encouraging subjective determinations as to what does or does not arouse support or opposition in the "community."

26.     While New Richmond Board Policy No. 2240 purports to permit the "consideration" of controversial issues into the "instructional program" of the New Richmond schools, the manner in which defendant New Richmond and defendant Miller apply and interpret the operative provisions of New Richmond Board Policy No. 2240, including as to plaintiff Karen Cahall, make it virtually impossible for a reasonable person subject to New Richmond Board Policy No. 2240 to know what is or is not considered a "controversial issue" or an "instructional program" under New Richmond Board Policy No. 2240.

## 2021 Controversy Over the Display of Rainbows and Pride Symbols in the New Richmond Schools

27.     Prior to the beginning of the 2021-2022 academic year, defendant New Richmond and the members of the New Richmond Board of Education were considering allowing New Richmond teachers who chose to do so to wear Rainbow stickers on their name tags, or to display them on laptop cases or desk nameplates to show that they were safe for LGBTQ+ students to confide in or to seek advice from.

28.     Additionally, defendant New Richmond and the members of the New Richmond Board of Education were considering allowing the use of forms which would allow students the ability to provide their preferred gender identity, preferred pronouns and name to be used while at school.

29.     Shortly after the commencement of the 2021-2022 academic years, defendant New Richmond received numerous complaints from community members opposing the use of the

rainbow stickers and in response to that opposition issued an order prohibiting their use in the New Richmond District.

30.     Defendant New Richmond further prohibited the use of the forms previously described herein that allowed students to provide their preferred gender identity, preferred pronouns and name to use a school.

31.     Following those prohibitions, numerous LGBTQ+ members of the New Richmond community and supporters of the LGBTQ+ community, including parents of LGBTQ+ students enrolled in the New Richmond school district, LGBTQ+ parents of students enrolled in the New Richmond school district, and LGBTQ+ alumni of the New Richmond school district, spoke in support of the Rainbow stickers and the gender-inclusive forms at a public meeting of the New Richmond School District Board of Education held on or about September 21, 2021.

32.     Despite the public expression of support for the Rainbow stickers and other programs supportive of LGBTQ+ students, defendant New Richmond barred the wearing of the Rainbow stickers and removed other LGBTQ+ support measures from the New Richmond District.

33.     In support of the barring of the Rainbow stickers and removal of other LGBTQ+ support measures, the then-President of the New Richmond Board of Education stated in response to a media question that having a Rainbow sticker on a name badge could imply that the New Richmond District was excluding other people depending upon what their beliefs and philosophies are.

### Discipline of Plaintiff Karen Cahall Under Board Policy No. 2240

34.     Plaintiff Karen Cahall has been a licensed educator in the State of Ohio and has been employed as a teacher with defendant New Richmond since 1990.

35.     During the course of her employment with defendant New Richmond, plaintiff Karen Cahall has consistently received excellent evaluations for her job performance and teaching excellence.

36.     In the summer of 2019, plaintiff Karen Cahall was awarded a fellowship through the Limited Resource Teacher Training program from the "HundrED Foundation" under which she spent a month in Uganda training Ugandan teachers to help them improve their teaching skills.

37.     Plaintiff Karen Cahall maintains sincere and deeply rooted moral and religious beliefs that all children, including children who are LGBTQ+ or the children of parents who are LGBTQ+, deserve to be respected, accepted, and loved for who they are.

38.     Following the controversy in the New Richmond District over the wearing of the Rainbow stickers in 2021, plaintiff Karen Cahall sought to educate herself regarding the emotional support needed by LGBTQ+ youth, and children who are in LGBTQ+ families, in the face of societal prejudice against LGBTQ+ individuals and families and the effects that said societal prejudice had on them.

39.     Plaintiff Karen Cahall's research revealed that relative to their peers, a statistically higher percentage of LGBTQ+ youth had reported symptoms of anxiety and depression, had considered and/or attempted suicide, and had higher rates of alcohol and/or drug use than their peers.

40.     Plaintiff Karen Cahall's research further revealed that relative to their peers, a statistically higher number of LGBTQ+ youth had experienced difficulty and delay in obtaining mental health care due to a variety of factors, including anti-LGBTQ+ stigma, family and peer rejection, and discrimination.

41.     The information learned by plaintiff Karen Cahall served to reinforce her sincerely held moral and religious beliefs that LGBTQ+ youth needed to have access to safe spaces and safe people both at school and outside of school to whom they could confide and seek guidance.

42.     Throughout the course of her employment with defendant New Richmond, plaintiff Karen Cahall has kept hundreds of books in her classroom on a wide variety of topics and subject matters that her students are free to review or read (or not review or read) during their free time.

43.     These books are not prominently displayed in plaintiff Karen Cahall's classroom but instead are kept in a series of large bins in plaintiff Karen Cahall's classroom and are not arranged or displayed in a manner so that one can easily peruse the book titles or ascertain the subject matter of any particular book without physically going through the bins and individually reviewing each of the books.

44.     Among the books maintained by plaintiff Karen Cahall among the myriads of other books are the following books which have LGBTQ+ characters in them but do not otherwise advocate for or against any particular lifestyle or endorse an LGBTQ+ lifestyle:

Ana On The Edge;
The Fabulous Zed Watson;
Hazel Bly and the Deep Blue Sea; and
Too Bright to See

45.     None of these books can fairly be considered "obscene," "offensive" or appealing to prurient interests.

46.     None of these books describe sexual conduct or sexual activity.

47.     Each of these books has serious literary, artistic, political and scientific value.

48.     These books each deal with characters who are LGBTQ+ and are coming to terms with feeling different and excluded simply because they are LGBTQ+ and serve to reinforce plaintiff Karen Cahall's sincerely held moral and religious beliefs that all children, including

children who are LGBTQ+ or the children of parents who are LGBTQ+, deserve to be respected, accepted, and loved for who they are.

49.     After learning about these books, plaintiff Karen Cahall viewed them as reinforcing her sincerely held moral and religious values that all children, including children who are LGBTQ+ or the children of parents who are LGBTQ+, deserve to be respected, accepted, and loved for who they are, and that they could serve as a positive tool to promote those values for any LGBTQ+ student who might come to her for guidance or support.

50.     During the course of her employment with defendant New Richmond, other teachers, staff and administrators have publicly displayed insignias and symbols of their religious beliefs in the presence of students, including but not limited to Christian crosses worn as jewelry, that are more visible to students than the books identified herein, without any consequence.

51.     Additionally, during the course of her employment with defendant New Richmond, other teachers, administrators and staff have used official New Richmond School District email addresses to promote various religious or faith-based events to other teachers, administrators and staff, including what was termed as a "Blessing of Monroe[2]" at which participants were invited to engage in individual and group prayer in the school building prior to the commencement of the academic school year.

52.     Furthermore, other teachers, administrators and staff have used official New Richmond School District email addresses to promote religious activities and faith-based charitable institutions, including recently an organization called "Samaritan's Purse."

---

[2]     "Monroe" is a school within the New Richmond District and is the school at which plaintiff Karen Cahall teaches.

53.     A group email promoting Samaritan's Purse was distributed to all teachers and staff at Monroe Elementary School by another teacher in that school, using her official New Richmond District email account, that described Samaritan's Purse as an organization that was involved in distributing a variety of items to children in over 170 countries along with a Bible storybook translated into the language of the child receiving it.

54.     Plaintiff Karen Cahall has previously expressed her opposition to the use of official New Richmond district email accounts by District staff and employees for the promotion of religious events.

55.     On or about October 30, 2024, a parent named Kayla Shaw sent an email to the principal of Monroe Elementary and to every member of the New Richmond Board of Education regarding the presence of these books in plaintiff Karen Cahall's classroom; Ms. Shaw, however, did not allege that these books were being prominently displayed in plaintiff Karen Cahall's classroom, that plaintiff Karen Cahall was teaching from these books, using these books as a part of her classroom curriculum or instructional program, initiating discussion of the books with her child or other students, or otherwise using the books to indoctrinate students or endorse an LGBTQ+ lifestyle in her classroom.

56.     Ms. Shaw's email was forwarded to defendant Tracey Miller.

57.     Following his receipt of Ms. Shaw's complaint regarding the mere presence of these books in plaintiff Karen Cahall's classroom, defendant Tracey Miller immediately commenced disciplinary proceedings against plaintiff Karen Cahall by directing her to appear for a pre-disciplinary hearing on November 4, 2024, simply over the presence of these books in her classroom.

58.     Plaintiff Karen Cahall complied and appeared at the pre-disciplinary hearing as directed.

59.     At the pre-disciplinary hearing, plaintiff Karen Cahall fully cooperated in the hearing, truthfully admitted to being in possession of the books at issue and outlined to defendant Miller her sincerely held moral and religious reasons for keeping the books in her classroom.

60.     Plaintiff Karen Cahall further stated to defendant Miller at the pre-disciplinary hearing that she did not teach or instruct from said books, did not use the books as a part of her classroom curriculum or instructional program, did not initiate discussion of the books with students, or otherwise use the books to indoctrinate students or endorse an LGBTQ+ lifestyle in her classroom.

61.     On November 6, 2024, plaintiff Karen Cahall was disciplined and suspended for three days[3] without pay by defendant New Richmond and defendant Tracey Miller for allegedly violating New Richmond Board Policy No. 2240 simply by having the four books that featured LGBTQ+ characters in her classroom amongst nearly a hundred other books.

62.     No factual finding was made by defendant Tracey Miller that plaintiff Karen Cahall used any of these books as part of the instructional materials in her classroom, that she initiated discussion of the books with any students, or that she otherwise used the books to indoctrinate students or endorse an LGBTQ+ lifestyle in her classroom.

63.     No factual finding was made by defendant Tracey Miller that plaintiff Karen Cahall prominently displayed any of these books in her classroom.

---

[3]     Exhibit 2.  Plaintiff's personal address has been redacted for privacy and safety reasons.

64.     In disciplining plaintiff Karen Cahall simply for having these books in her classroom, defendants New Richmond and Tracey Miller stated in the disciplinary notification that plaintiff Karen Cahall should have known that the subject books were "controversial" and in violation of New Richmond Board Policy No. 2240 because "of the values that many hold" in the community even though the "values" held by many other individuals within the New Richmond District "community," including members of the LGBTQ+ community who have children enrolled in the New Richmond District, are supportive of LGBTQ+ measures, including the presence of "Rainbow" symbols in classrooms to show that teacher and/or that teacher's classroom is a safe person or a safe space to speak about LGBTQ+ issues.

65.     Defendant Miller disciplined plaintiff Karen Cahall for allegedly violating New Richmond Board Policy No. 2240 even though there was no determination that plaintiff Karen Cahall prominently displayed any of these books in her classroom or that she used any of these books as part of an instructional program and even though the plain language of New Richmond Board Policy No. 2240 only applied to the presentation of "controversial issues" in an "instructional program."

66.     In suspending plaintiff Karen Cahall without pay for three days, defendants New Richmond and defendant Tracey Miller acted in willful and reckless disregard of the clearly established constitutional rights of plaintiff Karen Cahall.

67.     As a direct and proximate result of the actions of defendant New Richmond and defendant Tracey Miller described herein, plaintiff Karen Cahall has sustained economic and non-economic damages in an amount to be proven at the trial of this matter.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – Unconstitutional Custom or Policy of Defendant New Richmond – Fourteenth Amendment Vagueness)**

15

68.     The allegations set forth in Paragraphs 1 through 67 are incorporated as if fully rewritten herein.

69.     New Richmond Board Policy No. 2240 constitutes the official custom or policy of defendant New Richmond as enacted by defendant New Richmond and approved by defendants Todd Wells, Tim Dufau, Robert Wooten, Jonathan Zimmerman and Amy Story in their official capacities and as administered and enforced by defendant Tracey Miller in both his individual and in his official capacity.

70.     New Richmond Board Policy No. 2240 is unconstitutionally vague on its face and as applied specifically to plaintiff Karen Cahall by defendant Tracey Miller because it fails to provide fair notice to plaintiff Karen Cahall and other teachers employed by defendant New Richmond of what they can and cannot maintain in their classrooms, vaguely defines what constitutes a "controversial issue" and an "instructional program" such that a reasonable person would know what constitutes either a "controversial issue" or an "instructional program" and because it allows for arbitrary and discriminatory enforcement, in violation of the clearly established due process protections provided by the Fourteenth Amendment to the United States Constitution.

71.     As a direct and proximate result of the implementation of New Richmond Board Policy No. 2240 and defendant Tracey Miller's unconstitutional arbitrary and discriminatory enforcement of New Richmond Board Policy No. 2240 in suspending her without pay for three days, plaintiff Karen Cahall has sustained economic and non-economic losses in an amount to be proven at the trial of this matter.

72.     Plaintiff Karen Cahall and other employees of defendant New Richmond who are subject to New Richmond Board Policy No. 2240 face further irreparable harm, including further

violations of Fourteenth Amendment rights to due process, if New Richmond Board Policy No. 2240 remains in effect.

      **WHEREFORE**, plaintiff Karen Cahall respectfully requests that this Honorable Court:

a.     Declare that New Richmond Board Policy No. 2240 is unconstitutional both on its face and as applied, under the Fourteenth Amendment to the United States Constitution;

b.     Issue permanent injunctive relief enjoining defendant New Richmond, defendants New Richmond Board of Education Members, defendant Tracey Miller and their employees, agents and successors in office from enforcing New Richmond Board Policy No. 2240;

c.     Award compensatory damages in an amount to be proven at the trial of this matter to plaintiff Karen Cahall and against all defendants, jointly and/or severally, in their official capacities;

d.     Award plaintiff Karen Cahall her costs of this suit and reasonable attorney's fees and other expenses under 42 U.S.C. § 1988; and

e.     Award plaintiff Karen Cahall such other legal and/or equitable relief as the interests of justice may require.

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Fourteenth Amendment – Due Process – Defendant Tracey Miller)

      73.     The allegations set forth in Paragraphs 1 through 72 are incorporated as if fully rewritten herein.

      74.     New Richmond Board Policy No. 2240 is unconstitutionally vague on its face and as applied specifically to plaintiff Karen Cahall by defendant Tracey Miller because it fails to provide fair notice to plaintiff Karen Cahall and other teachers employed by defendant New Richmond of what they can and cannot maintain in their classrooms, defines what constitutes a "controversial issue" and an "instructional program" in a manner so vague that a reasonable person would not know what constitutes either a "controversial issue" or an "instructional program," and because it allows for arbitrary and discriminatory enforcement.

75.     As a direct and proximate result of the implementation of New Richmond Board of Policy No. 2240 and defendant Tracey Miller's arbitrary and discriminatory enforcement of New Richmond Board Policy No. 2240 in suspending her without pay for three days, plaintiff Karen Cahall has sustained economic and non-economic losses in an amount to be proven at the trial of this matter.

76.     In interpreting and applying New Richmond Board Policy No. 2240 to plaintiff Karen Cahall, defendant Tracey Miller further acted willfully, with actual malice and with reckless disregard for plaintiff Karen Cahall's clearly established constitutional rights, entitling plaintiff Karen Cahall to an award of punitive damages against defendant Tracey Miller in his individual capacity.

**WHEREFORE**, plaintiff Karen Cahall respectfully requests that this Honorable Court:

a.      Award compensatory damages in an amount to be proven at the trial of this matter to plaintiff Karen Cahall and against defendant Tracey Miller in his individual capacity;

b.      Award punitive damages in an amount to be proven at the trial of this matter to plaintiff Karen Cahall and against defendant Tracey Miller in his individual capacity;

c.      Award plaintiff Karen Cahall her costs of this suit and reasonable attorney's fees and other expenses under 42 U.S.C. § 1988 against defendant Tracey Miller in his individual capacity; and

d.      Award plaintiff Karen Cahall such other legal and/or equitable relief against defendant Tracey Miller in his individual capacity as the interests of justice may require.

### THIRD CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Fourteenth Amendment – Equal Protection – Defendant Tracey Miller)

77.     The allegations set forth in Paragraphs 1 through 76 are incorporated as if fully rewritten herein.

78.     Defendant Tracey Miller's reliance upon "the values that many hold" in "this community" in suspending plaintiff Karen Cahall without pay for three days is belied by the fact that many members of the generic "community" referenced in the discipline notification are supportive of protecting LGBTQ+ students and families in the "community," as evidence by the support for the Rainbow stickers expressed by members of the LGBTQ+ community and others at the public meeting of the New Richmond Board of Education described above.

79.     While it can be acknowledged that others within the New Richmond School District community may have sincerely held moral and religious beliefs that are different from those of plaintiff Karen Cahall with respect to members of the LGBTQ+ community and LGBTQ+ issues, including those that may arise within the setting of a public school, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits defendant Tracey Miller from showing official hostility towards any religion or religious viewpoint – including those of plaintiff Karen Cahall – and further prohibits them from aiding, fostering, or promoting one religion or religious viewpoint over another.

80.     By allowing employees to use official New Richmond district email accounts to promote religious or faith-based activities such as "Blessing of Monroe" and "Samaritan's Purse," but suspending plaintiff Karen Cahall without pay simply for having four books in her classroom under New Richmond Board Policy No. 2240 even though those books were not prominently displayed and are not used by plaintiff Karen Cahall as part of any instructional program, defendant Tracey Miller targeted plaintiff Karen Cahall because of her sincerely held moral and religious beliefs for unlawful discriminatory treatment in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

81.     By using New Richmond Board Policy No. 2240 to suspend plaintiff Karen Cahall without pay for expressing a religious viewpoint and belief while allowing other employees of defendant New Richmond to express their religious viewpoints and beliefs based upon a perceived community objection to plaintiff Karen Cahall's sincerely held moral and religious beliefs, defendant Tracey Miller unlawfully and with discriminatory intent determined that plaintiff Karen Cahall's religious viewpoints and beliefs were unacceptable, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

82.     As a direct and proximate result of the actions of defendant Tracey Miller described herein, plaintiff Karen Cahall has sustained economic and non-economic losses in an amount to be proven at the trial of this matter.

83.     Defendant Tracey Miller acted willfully, with actual malice and with reckless disregard for plaintiff Karen Cahall's clearly established constitutional rights, entitling plaintiff Karen Cahall to an award of punitive damages against defendant Tracey Miller in his individual capacity.

**WHEREFORE**, plaintiff Karen Cahall respectfully requests that this Honorable Court:

a.      Award compensatory damages in an amount to be proven at the trial of this matter to plaintiff Karen Cahall and against defendant Tracey Miller in his individual capacity;

b.      Award punitive damages in an amount to be proven at the trial of this matter to plaintiff Karen Cahall and against defendant Tracey Miller in his individual capacity;

c.      Award plaintiff Karen Cahall her costs of this suit and reasonable attorney's fees and other expenses under 42 U.S.C. § 1988 against defendant Tracey Miller in his individual capacity; and

d.      Award plaintiff Karen Cahall such other legal and/or equitable relief against defendant Tracey Miller in his individual capacity as the interests of justice may require.

<u>**FOURTH CLAIM FOR RELIEF**</u>
**(42 U.S.C. § 1983 – First Amendment – Establishment and Free Exercises Clauses –**
**Defendant Tracey Miller)**

84.     The allegations set forth in Paragraphs 1 through 83 are incorporated as if fully
rewritten herein.

85.     While it can be acknowledged that others within the New Richmond School District
community may have sincerely held moral and religious beliefs that are different from those of
plaintiff Karen Cahall with respect to members of the LGBTQ+ community and LGBTQ+ issues,
including those that may arise within the setting of a public school, the Establishment and Free
Exercise Clauses of the First Amendment to the United States Constitution prohibit defendant
Tracey Miller from using his authority to enforce and interpret New Richmond School District
Policy No. 2240 to show official hostility towards any religion or religious viewpoint – including
those of plaintiff Karen Cahall – and further prohibit him from aiding, fostering, or promoting one
religion or religious viewpoint over another.

86.     By allowing employees to wear religious symbols or to use official New Richmond
district email accounts to promote religious or faith-based activities such as "Blessing of Monroe"
and "Samaritan's Purse," but suspending plaintiff Karen Cahall without pay simply for having the
four books previously described herein in her classroom under New Richmond Board Policy No.
2240, even though those books were not prominently displayed in her classroom and are not used
by plaintiff Karen Cahall as part of any instructional program, defendant Tracey Miller targeted
plaintiff Karen Cahall because of her sincerely held moral and religious beliefs for unlawful
discriminatory treatment in violation of the Establishment and Free Exercise Clauses of the First
Amendment to the United States Constitution.

87. By using New Richmond Board Policy No. 2240 to suspend plaintiff Karen Cahall without pay for expressing a religious viewpoint and belief while allowing other employees of defendant New Richmond to express their religious viewpoints and beliefs based upon a perceived community objection to plaintiff Karen Cahall's sincerely held moral and religious beliefs, defendant Tracey Miller unlawfully and with discriminatory intent determined that plaintiff Karen Cahall's moral and religious viewpoints and beliefs were unacceptable in comparison to the moral and religious viewpoints of others. in violation of the Establishment and Free Exercise Clauses of the First Amendment to the United States Constitution.

88. Defendant Tracey Miller's reliance upon "the values that many hold" in "this community" in suspending plaintiff Karen Cahall without pay for three days violated plaintiff Karen Cahall's clearly established rights under the Establishment and Free Exercise Clauses to the First Amendment of the United States Constitution.

89. As a direct and proximate result of the actions of defendant Tracey Miller described herein, plaintiff Karen Cahall has sustained economic and non-economic losses in an amount to be proven at the trial of this matter.

90. Defendant Tracey Miller acted willfully, with actual malice and with reckless disregard for plaintiff Karen Cahall's clearly established rights under the Establishment and Free Exercise Clauses of the First Amendment to the United States Constitution, entitling plaintiff Karen Cahall to an award of punitive damages against defendant Tracey Miller in his individual capacity.

**WHEREFORE**, plaintiff Karen Cahall respectfully requests that this Honorable Court:

a. Award compensatory damages in an amount to be proven at the trial of this matter to plaintiff Karen Cahall and against defendant Tracey Miller in his individual capacity;

b. Award punitive damages in an amount to be proven at the trial of this matter to plaintiff Karen Cahall and against defendant Tracey Miller in his individual capacity;

c. Award plaintiff Karen Cahall her costs of this suit and reasonable attorney's fees and other expenses under 42 U.S.C. § 1988 against defendant Tracey Miller in his individual capacity; and

d. Award plaintiff Karen Cahall such other legal and/or equitable relief against defendant Tracey Miller in his individual capacity as the interests of justice may require.

**FIFTH CLAIM FOR RELIEF**
**(Civil Liability for Criminal Interference with Civil Rights –**
**R.C. 2307.60 and 2921.45 – Defendant Tracey Miller)**

91.     The allegations set forth in Paragraphs 1 through 90 are incorporated as if fully rewritten herein.

92.     Pursuant to R.C. 2921.45, it is a criminal act for any public servant, under color of his or her office, employment or authority, to knowingly deprive, conspire, or attempt to deprive any person of a constitutional or statutory right.

93.     Pursuant to R.C. 2307.60, anyone injured in person or property by a criminal act may recover full damages in a civil action.

94.     Defendant Tracey Miller is a public servant within the meaning of R.C. 2921.45.

95.     Under the color of his office, employment or authority, defendant Tracey Miller knowingly deprived plaintiff Karen Cahall of her constitutional rights as described herein, including her rights to due process of law and equal protection as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

96.     As a direct and proximate result of the actions of defendant Tracey Miller described herein, plaintiff Karen Cahall has sustained economic and non-economic losses in an amount to be proven at the trial of this matter.

97.     Defendant Tracey Miller acted willfully, with actual malice and with reckless disregard for plaintiff Karen Cahall's clearly established constitutional rights, entitling plaintiff Karen Cahall to an award of punitive damages against defendant Tracey Miller in his individual capacity.

**WHEREFORE**, plaintiff Karen Cahall respectfully requests that this Honorable Court:

a.     Award compensatory damages in an amount to be proven at the trial of this matter to plaintiff Karen Cahall and against defendant Tracey Miller in his individual capacity;

b.     Award punitive damages in an amount to be proven at the trial of this matter to plaintiff Karen Cahall and against defendant Tracey Miller in his individual capacity;

c.     Award plaintiff Karen Cahall her costs of this suit and reasonable attorney's fees and other expenses against defendant Tracey Miller in his individual capacity; and

d.     Award plaintiff Karen Cahall such other legal and/or equitable relief as the interests of justice may require.

Respectfully Submitted,


s/*Mark P. Herron*
Mark P. Herron (0051998)
5001 Mayfield Road, Suite 318
Lyndhurst, Ohio  44124
(216) 280-2828
Email:  herronlaw@msn.com

Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff Karen Cahall demands a trial by jury on all claims so triable.


                                               *s/Mark P. Herron*
                                               Attorney for Plaintiff Karen Cahall