**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **KAREN CAHALL,** | : | Case No. 1:24-cv-00688 |
| Plaintiff, | : | **JUDGE DOUGLAS COLE** |
| and | : | |
| **TRACEY MILLER, ET AL.** | : | |
| Defendants. | : | |

**ANSWER OF ALL DEFENDANTS TO PLAINTIFF'S COMPLAINT
WITH JURY DEMAND ENDORSED HEREON**

For their Answer to Plaintiff's Complaint, Defendants, New Richmond Exempted Village School District Board of Education, Tracey Miller, Todd Wells, Tim Dufau, Robert Wooten, Jonathan Zimmerman and Amy Story, assert the following response and defenses:

**FIRST DEFENSE**

1. Paragraphs 1, 2, and 3 of Plaintiff's complaint are legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is deemed necessary, Defendants admit that the plaintiff has asserted federal causes of action in her complaint, all allegations of which are denied. Defendant further admits that the plaintiff's claims arise out of her employment with the Board of Education, which is located within the Village of New Richmond, Ohio. Any other allegations or implications included in said paragraphs are denied.

2. In response to paragraph 4 of Plaintiff's complaint, Defendants admit that the plaintiff has been employed by the defendant Board of Education since 1990. Any other allegations or implications included in said paragraphs are denied.

3. In response to paragraph 5 of Plaintiff's complaint, the Board of Education is a political subdivision of the State of Ohio and is organized under state law. Any other allegations or implications included in said paragraphs are denied.

4. In response to paragraph 6 of Plaintiff's complaint, Defendants admit that Tracey Miller was the Superintendent of Schools during the time frame alleged in the plaintiff's complaint. Defendants deny any and all additional allegations or implications included in said paragraph.

5. In response to paragraph 7 of Plaintiff's complaint, Defendants aver that any and all official capacity claims are duplicative and unnecessary in a federal lawsuit in which the underlying governmental entity has already been sued. Defendants deny any and all additional allegations or implications included in said paragraph.

6. In response to paragraph 8 of Plaintiff's complaint, Defendants admit that Todd Wells, Tim Dufau, Robert Wooten, Jonathen Zimmerman, and Amy Story are duly elected members of the Board of Education. Defendants further respond, however, that official capacity claims are duplicative and unnecessary in a federal lawsuit in which the underlying governmental entity has already been sued. Defendants deny any and all additional allegations or implications included in said paragraph.

7. In response to paragraphs 9, 68, 73, 77, 84, and 91 of Plaintiff's complaint, to the extent these paragraphs incorporate other allegations in the complaint, Defendants reassert and incorporate, by reference, the admissions, denials, and denials by lack of knowledge as otherwise set forth herein.

8. Defendants expressly deny all allegations included in paragraphs 10, 12, 16, 19, 20, 21, 22, 23, 24, 25, 26, 37, 41, 43, 44, 45, 46, 47, 48, 49, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 74, 75, 76, 78, 79, 80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 95, 96, and 97 of Plaintiff's complaint

9. In response to paragraph 11 of Plaintiff's complaint, it is unclear what specific factual averment is being asserted. Plaintiff has failed to allege or otherwise demonstrate any standing to assert claims on behalf of the LGBTQ community. To the extent a response is deemed necessary, the allegations in paragraph 11 are denied.

10. Defendants are without knowledge sufficient to form a firm belief as to the truth or accuracy of paragraphs 13, 36, 38, 39, 40, 42, and 57 of Plaintiff's complaint. For that reason, the listed paragraphs are denied.

11. Paragraphs 14, 15, 17, and 18 of Plaintiff's complaint are legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is deemed necessary, Defendants expressly deny the allegations as stated, because the plaintiff has improperly selected excerpts of law to serve her purposes while ignoring other established legal precedent, including but not limited to the *Garcetti* and *Evans-Marshall* decisions. Any other allegations or implications included in said paragraphs are denied.

12. In response to paragraphs 27, 28, 29, 30, 31, 32, and 33, Defendants deny the factual averments as characterized by the plaintiff. Defendants further aver that these paragraphs serve as an admission by the plaintiff that she was fully aware that issues surrounding gender identity were "controversial," as written in school board policy. Any other allegations or implications included in said paragraphs are denied.

13. Defendants admit the allegations in paragraphs 34 and 58 of Plaintiff's complaint.

14. In response to paragraph 35 of Plaintiff's complaint, Defendants aver that teacher evaluations in Ohio do not generally speak in terms of "excellent." This is a characterization that plaintiff has chosen on her own. As such, Defendants neither admit nor deny Plaintiff's allegations at this time.

15. In response to paragraphs 49, 50, 51, 52, 53, and 54 of Plaintiff's complaint, Defendants deny the factual averments as characterized by the plaintiff. Defendants further reject the improper comparison between personal displays of religious jewelry versus the selection by a teacher of instructional materials for students. Any other allegations or implications included in said paragraphs are denied.

16. In response to paragraphs 55 and 56 of Plaintiff's complaint, Defendants admit that, on October 29, 2024, a parent in the district who is also a teacher reported that books containing themes of gender identity were included in plaintiff's third-grade classroom library. Any other allegations or implications included in said paragraphs are denied.

17. Paragraphs 92, 93, and 94 of Plaintiff's complaint recite legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is deemed necessary, said allegations are denied as characterized by the plaintiff.

18. Defendants specifically deny any and all of the plaintiff's allegations not heretofore addressed.

19. Defendants specifically deny that the plaintiff is entitled to the relief requested in all her various "Wherefore" clauses.

20. Defendants specifically reserve the right to seek reimbursement for any and all fees and costs incurred in defending this matter in accordance with F.R.C.P. 54(d) and 42 U.S.C. Section 1988.

**SECOND DEFENSE**

21. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

22. Plaintiff's Complaint fails to comply with the Federal Rules of Civil Procedure in that it fails to set forth a "short and plain statement" of the claim.

**FOURTH DEFENSE**

23. Any allegation against the individual defendants in their official capacities is an allegation against their employer, the Board of Education, and the individuals must be dismissed from the suit.

**FIFTH DEFENSE**

24. Defendants are entitled to absolute, qualified, and/or statutory immunity from all of plaintiff's claims.

**SIXTH DEFENSE**

25. Defendants had reasonable belief in the lawfulness of their conduct with no intentional, reckless, or other disregard or foreseeability of a deprivation of any legally protected right of the plaintiff.

**SEVENTH DEFENSE**

26. Defendants' policies and procedures are both neutral and generally applicable.

**EIGHTH DEFENSE**

27. Defendants' actions, all plaintiff's allegations of which are denied, were lawfully privileged.

**NINTH DEFENSE**

28. The plaintiff's claims are barred, in whole or in part, by the plaintiff's failure to exhaust administrative remedies.

**TENTH DEFENSE**

29. Plaintiff's alleged damages, if any were in fact sustained, were caused solely by the decisions, acts, errors and/or omissions of the plaintiff.

**ELEVENTH DEFENSE**

30. Any claims for liquidated, exemplary, or punitive damages or for interest or attorney's fees are barred and/or limited by the Unites States Constitution, the Ohio Constitution, Federal law and/or Ohio law.

**TWELFTH DEFENSE**

31. The plaintiff has failed to mitigate her damages as required by law.

**THIRTEENTH DEFENSE**

32. The plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and/or consent.

**FOURTEENTH DEFENSE**

33. The plaintiff's claims may be barred, in whole or in part, by the doctrine of preemption.

**FIFTEENTH DEFENSE**

34. Plaintiff's claims are barred and/or limited by the provisions of Chapter 2744 of the Ohio Revised Code.

**SIXTEENTH DEFENSE**

35. Plaintiff's due process claims in this case are subsumed by any more specific claims alleged in the complaint.

**SEVENTEENTH DEFENSE**

36. The plaintiff's claims are barred and/or limited by the doctrines of collateral estoppel, res judicata, the law of the case doctrine, claim preclusion and/or issue preclusion.

**EIGHTEENTH DEFENSE**

37. During due process proceedings, Plaintiff failed to object to discipline on religious grounds and, therefore, is barred from asserting religion as a defense to discipline now.

**NINETEENTH DEFENSE**

38. Plaintiff's claims are barred by the doctrine of unclean hands.

**TWENTIETH DEFENSE**

39. Plaintiff lacks standing as to some or all of her claims.

**TWENTY-FIRST DEFENSE**

40. Plaintiff's claims are barred by subject matter jurisdiction.

### TWENTY-SECOND DEFENSE

41. The plaintiff's claims are otherwise unsupported by the facts, law, or rules of civil procedure and are, therefore, frivolous, unreasonable, or groundless under the terms of 42 U.S.C. Section 1988(b)(2006) and 28 U.S.C. Section 1927.

### TWENTY-THIRD DEFENSE

42. Defendants hereby give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, crossclaims, and third-party claims, which become available or apparent during the course of discovery or trial, and Defendants hereby reserve the right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendants, New Richmond Exempted Village School District, Tracey Miller, Todd Wells, Tim Dufau, and Robert Wooten, Jonathan Zimmerman and Amy Story, demand that the Plaintiffs' Complaint be dismissed and that judgment be entered in their favor, together with the costs of suit.

Respectfully submitted:

/s/ Tabitha Justice
Brian L. Wildermuth (0066303)
bwildermuth@swjohiolaw.com
Tabitha Justice (0075440), Trial Counsel
tjustice@swjohiolaw.com
SUBASHI, WILDERMUTH & JUSTICE
The Greene Town Center
50 Chestnut Street, Suite 230
Dayton, OH 45440
(937) 427-8800
(937) 427-8816 (fax)
*Counsel for Defendants*

### JURY DEMAND

Pursuant to Civil Rule 38, Defendants demand a trial by jury as to all issues raised herein.

/s/ Tabitha Justice
Tabitha Justice

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Mark P. Herron (0051998)
herronlaw@msn.com
5001 Mayfield Road, Suite 212
Lyndhurst, Ohio  44124
*Attorney for Plaintiff*

                                             /s/ Tabitha Justice
                                             Tabitha Justice