UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KAREN CAHALL,** | : | Case No. 1:24-cv-00688 |
| **Plaintiff,** | : | JUDGE DOUGLAS COLE |
| v. | : | |
| **NEW RICHMOND EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION, et al.,** | : : | |
| **Defendants.** | : | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HER COMPLAINT (DOC. 17)**

**A.  Introduction/Procedural History**

On November 6, 2024, Plaintiff's teaching contract was suspended for three days after she incorporated controversial reading materials into her third-grade math and science classroom without first complying with school district policy.  (Doc. 1, Complaint, Ex. 2, PageID# 29-30) Plaintiff subsequently sued the Board of Education, the superintendent, and the individual board members for her suspension, alleging various claims federal and state claims.  (*Id*.)

Defendants filed a motion for judgment on the pleadings on February 20, 2025, because Plaintiff's claims were insufficient as a matter of law.  (Doc. 12, MJP)  On March 20, 2025, Plaintiff responded in opposition to Defendants' motion, and she included her own cross-motion for partial judgment on the pleadings on the constitutional vagueness claim.  (Doc. 16)

Defendants filed their reply and memorandum in opposition on April 3, 2025 (Doc. 18). Defendants' motion is now ripe for review and decision by the Court.

On March 21, 2025, Plaintiff also filed a motion to amend her complaint. (Doc. 17) In the proposed amended complaint, Plaintiff incorporates some additional factual allegations that she believes support her claim that the Board policy at-issue in the case is vague along with her claim of religious discrimination. (Doc. 17-1) More specifically, Plaintiff alleges that she has discovered a popular children's book series in the elementary school library that includes a gay character. (Doc. 17-1, ¶ 50) She alleges she also discovered a book in which an adolescent female is "boy crazy." (*Id*. at ¶ 51) Plaintiff contends these books could be considered "controversial" under Board policy depending on the reader's perspective. Plaintiff does not allege any facts to suggest that these books were not reviewed by a book review committee prior to their placement in the library. She does not allege that the school librarian or other staff member had knowledge of potentially controversial materials contained within the books. Plaintiff does not allege that any particular library employee circumvented the book review policy as she did but was not disciplined.

In support of her claims of religious discrimination, Plaintiff also includes a new allegation that one of her fellow teachers has a decorative sign in her classroom that states, "He is for you." (Doc. 17-1, ¶ 53) Plaintiff does not allege the sign violates any school district policy. Plaintiff does not allege that the school superintendent received notice that the sign was in the classroom or that he received a complaint about the sign, but he declined to act.[1] In fact,

---

[1] While Plaintiff alleges in her complaint, including in her proposed amended complaint, that Tracey Miller is the current Superintendent of New Richmond Exempted Village Schools, this statement is false. Mr. Miller retired at the beginning of the calendar year. https://www.nrschools.org/article/1668006.

2

Plaintiff does not allege any school official with authority to take an official employment action was even aware of the sign.

In filing the motion to amend, Plaintiff has not proposed to remove the individual board members as named defendants, even though the law clearly requires their dismissal. She has not proposed to streamline the claims or to address the deficiencies identified in Defendants' motion for judgment on the pleadings. Rather, she only seeks to add additional factual allegations along the same lines as those in the original complaint. In short, Plaintiffs' new allegations of fact do nothing to change the legal analysis to be applied in this case, as described in the pleadings already before the Court. For that reason, the proposed amendment is futile and Plaintiff's motion to amend should be denied.

### B. Legal Standard

A federal court may deny a motion for leave to file an amended complaint where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); see also *Carson v. United States Off. of Special Couns.*, 633 F.3d 487, 495 (6th Cir. 2011) ("leave to amend should be denied if the amendment . . . would be futile.") (citation omitted). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

In determining futility, federal courts generally assess motions for leave to file an amended complaint under the Civil Rule 12(b)(6) standard. *Doe v. Michigan State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021). Under that standard, the Court will "construe the complaint in the light most favorable to [the] plaintiffs, accept all the well-pleaded factual allegations as true, and

draw all reasonable inferences in [the] plaintiffs' favor." *Guertin v. Michigan*, 912 F.3d 907, 916 (6th Cir. 2019). The factual assertions in the complaint must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In this case, Plaintiff's proposed amended complaint is futile for all the reasons previously described in Defendants' motion for judgment on the pleadings. The proposed additional factual allegations do not cure the deficiencies in Plaintiff's original complaint.

**C. Argument**

Defendants have previously filed a motion for judgment on the pleadings in this matter. (Doc. 12, MJP; Doc. 18, Reply) That motion and the reply in support thereof define specifically why Plaintiff's constitutional and state law claims fail as a matter of law. For judicial efficiency, Defendants incorporate, herein, the arguments from those pleadings. Defendants' motion is now ripe for review by the Court. The new allegations proposed by the plaintiff in her motion to amend do not change the substantive analysis required by the Court in any way.

Plaintiff's primary argument in this case is that the Board of Education's policy governing "controversial issues" is too vague to give her fair notice of the conduct that might subject her to discipline as an employee in the district. That policy defines a "controversial issue" as "a topic on which opposing points of view have been promulgated by responsible

opinion or likely to arouse both support and opposition in the community."[2] The Board also adopted Administrative Guidelines "to assist teachers in the instruction of controversial issues in the classroom, as defined in Policy 2240."[3]

In reviewing the policy at-issue in Plaintiff's complaint, it plainly governs the conduct of teachers, not school librarians. It governs the introduction and proper educational use of controversial issues into the classroom. As such, Plaintiff's new allegations about books that she found in the school library are misplaced. Separate policies govern the selection of materials for school libraries.[4] In addition, Plaintiff does not allege in her proposed amended complaint that the librarians incorporated the books she references without following Board policy on the selection of library materials. She merely alleges that those books exist in the library. This allegation does not remedy the pleading deficiencies identified by Defendants' motion for judgment on the pleadings. Plaintiff's void for vagueness and substantive due process claims fail as a matter of law.

In support of her Equal Protection and First Amendment claims, Plaintiff also seeks to inform the Court that she has discovered that a fellow teacher has a sign in her classroom that states, "He is for you." Plaintiff does not offer this Court any genuine explanation as to how the display of a decorative sign is comparable to her providing books to students on controversial

---

[2] https://go.boarddocs.com/oh/nrschools/Board.nsf/Public#

[3] *Id*.

[4] Notably, Board policy specifically governs librarians in the selection of materials. Board Policy 2520 and Admin. Guideline 2520A. https://go.boarddocs.com/oh/nrschools/Board.nsf/Public# Arguably, New Richmond could have disciplined Plaintiff under that policy, which states: "No print, audio, video, or graphic materials which are not part of the District's basic or supplementary materials are to be used with students without prior review and approval." Part of the criteria under that policy is "the extent to which the content or presentation could create controversy among students, parents, and community groups." Plaintiff admits that she did not subject the books to review prior to making them available to students. The Court must find that the Board policies, when considered as a whole, more than put Plaintiff on notice of her obligation to have any questionable materials reviewed before providing them to students.

5

(and non-religious themes) in violation of the Board's controversial issues policy. Plaintiff does not allege a timeframe in which the sign was placed in the classroom. Plaintiff does not allege that a parent complained that the sign was controversial or in violation of their child's religious rights. Plaintiff does not allege that classroom decorations are governed by Board policy 2240, which is the policy under which she was disciplined. Moreover, Plaintiff does not allege that the building or district administration had any knowledge that the sign had been placed in the classroom, determined that it violated some board policy, and yet they failed to take action.

A comparator's actions are relevant only if the plaintiff shows that the decisionmaker knew of the comparator's prior similar misconduct and did not discipline the comparator. See *Marsilio v. Vigluicci*, N.D.Ohio No. 5:11cv1974, 2013 U.S. Dist. LEXIS 61587, *36-37 (Apr. 30, 2013), citing *Jones v. Gerwens*, 874 F.2d 1534, 1542 (11th Cir. 1989). This requires a "prior act" and knowledge. Here we have neither. Knowledge of a prior act cannot be imputed on a decision maker, because "[d]iscrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent." *Silvera v. Orange Cnty. Sch. Bd*., 244 F.3d 1253, 1262 (11th Cir. 2001).

In short, Plaintiff fails to explain how her recent discovery that a teacher had a decorative sign in her classroom with religious undertones somehow was conduct that made the teacher "similarly situated in all relevant respects" to her for purposes of the EPC or First Amendment. As such, Plaintiff's new allegation does not remedy the deficiencies addressed in the Defendants' motion for judgment on the pleadings. Plaintiff's EPC and religious discrimination claims fail as a matter of law.

6

### D. Conclusion

For these reasons, as more fully addressed in the underlying motion for judgment on the pleadings, Plaintiffs' motion to amend her complaint should be denied. The Court should dismiss all claims against the Defendants with prejudice to refiling.

Respectfully submitted:

/s/ Tabitha Justice
Brian L. Wildermuth (0066303), Trial Counsel
bwildermuth@swjohiolaw.com
Tabitha Justice (0075440), Trial Co-Counsel
tjustice@swohiolaw.com
SUBASHI, WILDERMUTH & JUSTICE
The Greene Town Center
50 Chestnut Street, Suite 230
Dayton, OH 45440
(937) 427-8800
(937) 427-8816 (fax)
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the Court's authorized electronic filing system, which will send notification of such filing to the following:

Mark P. Herron (0051998)
herronlaw@msn.com
5001 Mayfield Road, Suite 212
Lyndhurst, Ohio 44124
*Attorney for Plaintiff*

/s/ Tabitha Justice
Tabitha Justice (0075440)